UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> -v- <br><br> MARCELLO SANSONE, <br><br> Defendant. | 20-cr-605 (JSR) <br><br> ORDER |

JED S. RAKOFF, U.S.D.J.:

  This Court is in receipt of several letters from defendant Marcello Sansone. The Government has also submitted a letter brief of its own in opposition to Sansone's requests. See ECF No. 184. Most directly, Sansone asks this Court to amend his presentence report ("PSR") because the "[Bureau of Prisons ("BOP")] has [him] incorrectly labeled as a sex offender." In support, he cites Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure, which provides: "At sentencing, the court must -- for any disputed portion of the presentence report or other controverted matter -- rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter at sentencing."

  The Second Circuit, however, has concluded "that Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a PSI report after a defendant has been sentenced." United States v. Giaimo, 880 F.2d 1561, 1563 (2d Cir. 1989); see also United States v. Smalling, 644 F. App'x 3, 4 (2d Cir. 2016); United States v. Ramis, No. 13-cr-600, 2015 WL 7871035,

1

at *2 (S.D.N.Y. Dec. 3, 2015). More specifically, in Giaimo, the Second Circuit observed that the defendant's "motion in the district court was based solely on Rule 32 and sought only a correction in his PSI report," and concluded that "[t]he district court properly denied the motion, as it was without jurisdiction to consider the matter." Giaimo, 880 F.2d at 1563. Here, too, Sansone has cited only Rule 32 of the Federal Rules of Criminal Procedure as the basis for correcting his PSR. Accordingly, the Court is without jurisdiction to consider the matter.

It is unclear whether Sansone also requests a sentence reduction under 18 U.S.C. § 3582(c). In his opening letter, Sansone writes: "Please except [sic] this letter as a humble request for consideration for a sentence [sic] reduction." He also cites a "medical condition [that] is getting worse by the day." But in his reply letter to the Government's brief, he writes: "Your honor [I] wasn't aware that said letter would be construed as a compassionate release motion." However, the Court need not resolve this tension in Sansone's letters because, even assuming that he requests a sentence reduction under § 3582, he has not submitted this request in the first instance to the BOP.[1] See § 3582(c)(1)(A). Accordingly, there is nothing properly pending in front of this

---

[1] With his reply letter, Sansone did submit a copy of a response from the Warden of FMC Devens, but that decision related only to whether Sansone's status as a sex offender is "unjustified and incorrect," and not whether he is entitled to a sentence reduction.

2

Court. Sansone is free to submit a petition for compassionate release to the warden of his facility, and if that petition is not acted on within thirty days thereafter, he can make a motion for compassionate release to this Court. See United States v. Haney, 454 F. Supp. 3d 316, 321 (S.D.N.Y. 2020).

Finally, to the extent that Sansone's letters focus on challenging the extent of his guilt, whether the evidence collected by the Government in his case was reliable, and the adequacy of his legal representation, a motion under § 3582(c) is not the appropriate vehicle for raising these objections.

SO ORDERED.

New York, NY  
June 6, 2025

_____  
JED S. RAKOFF, U.S.D.J.